# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHILU LIU, | Case No. 1:26-cv-02123-KES-EPG-HC |
| Petitioner, | ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE TRANSFERRED |
| v. | |
| TODD M. LYONS, et al., | |
| Respondents. | |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024).

Here, Petitioner challenges her present physical custody at the Calixto Detention Facility in Imperial County, California. (ECF No. 1 at 2.) Therefore, venue is proper in the district of confinement, which is the Southern District of California. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the

1

interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

Accordingly, within **seven (7) days** of the date of service of this order, Petitioner SHALL SHOW CAUSE why the petition should not be transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:    **March 18, 2026**

/s/ *Eric P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

2