# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHILU LIU,<br><br>           Petitioner,<br><br>     v.<br><br>TODD M. LYONS, et al.,<br><br>           Respondents. | Case No. 1:26-cv-02123-KES-EPG-HC<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024).

Here, Petitioner challenges her present physical custody at the Calixto Detention Facility in Imperial County, California. (ECF No. 1 at 2.)  Therefore, jurisdiction lies in the district of confinement, which is the Southern District of California. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the

interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

On March 18, 2026, the Court ordered Petitioner to show cause why this matter should not be transferred to the Southern District of California. (ECF No. 4.) That same day, Petitioner filed a response, arguing that "[w]hile the 'district of confinement' rule is the general practice, it is not jurisdictional in the strictest sense and may yield in appropriate circumstances." (ECF No. 5 at 2.) "Petitioner challenges not only the fact of her detention but also the legality of policies and decisions made by federal officials whose authority extends beyond the Southern District. To the extent that high-level federal officials are named respondents, the claims are not confined solely to local custodial authority." (ECF No. 5 at 3.) Additionally, Petitioner argues that several factors weigh against transfer, including judicial economy, potential prejudice to Petitioner due to unnecessary delay, and counsel and case efficiency.

The Court does not find Petitioner's arguments persuasive. The petition challenges Petitioner's present physical custody at the Calixto Detention Facility, and this Court would "err[] in exercising jurisdiction over [a] core habeas petition . . . filed . . . outside the district of [a petitioner's] confinement." Doe, 109 F.4th at 1199.

Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated:    **March 19, 2026**          /s/ Eric P. Gross
                                          UNITED STATES MAGISTRATE JUDGE